**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OREADER CALLAWAY, JR., | : | |
| | : | Civil Action No. 12-5477 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE POLICE | : | |
| TROOP A, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> OREADER CALLAWAY, JR., Plaintiff pro se
> #30925
> Gloucester County Jail
> 54 West Broad Street
> Bridgeton, New Jersey 08302

**KUGLER**, District Judge

Plaintiff, Oreader Callaway, Jr., a state inmate confined at the Gloucester County Jail in Woodbury, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be proceed in part at this time.

## I.  BACKGROUND

Plaintiff, Oreader Callaway, Jr. ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants, New Jersey State Police Troop A Bridgeton Barracks, Trooper McCreen, and Woodstown State Police Troop A. (Complaint, Caption, ¶¶ 4b, 4c and 6.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on June 30, 2012, at about 7:45 a.m., he was arrested by the Bridgeton State Police Barracks for having stolen property in his possession.  Plaintiff alleges that he was questioned repeatedly without having first been read his *Miranda* rights.  When Plaintiff requested an attorney, he was called a "Black snake," grabbed from behind and lifted up by one of the State Troopers, "tearing [Plaintiff's] ribs, cartilage that has disfigured [Plaintiff] to this date." (Compl., ¶ 6.)  Plaintiff was then placed in a cell for

approximately five hours, during which time he repeatedly asked
for medical attention.  He was allegedly told that "if he
continued to ask for a doctor, [his] black ass would really need
one." (*Id.*)  Plaintiff alleges he feared for his life after
that remark.  (*Id.*)

After about twelve hours, Trooper McCreen entered
Plaintiff's cell with several other state troopers, and asked
Plaintiff again how he came into possession of the stolen
property.  Plaintiff alleges that, because of his injury and
fear, he told the officers that someone threw the bag while
running and Plaintiff picked it up.  At that statement, McCreen
allegedly stated, "you think I'm stupid, you dope feins (sic)
need to be put down or put away for a very long time." (*Id.*)
Plaintiff was then asked to remove his shoes and was told he was
never going home again."  Plaintiff asked if he could have a
drink of water or something to eat, which request was denied.
At 8:30 p.m., Plaintiff was transferred to the Woodstown State
Police Barracks.  (*Id.*)

Plaintiff alleges that, immediately upon his arrival at the
Woodstown State Police Barracks, he asked for medical attention
and something to drink.  The sergeant on command told Plaintiff
he had a better chance of seeing "God."  Plaintiff told the
sergeant that he could not raise his right arm more than 20

3

degrees, that it was "frozen" from three prior surgeries, and that his left side was in "excruciating pain" probably from a broken rib. Despite Plaintiff's right arm being "frozen," three troopers in the presence of the shift sergeant lifted Plaintiff's arms over his head, causing Plaintiff to scream in pain. Plaintiff was then handcuffed for four to five hours with no food or water for 14 hours total, and no medical attention for his injuries. (*Id.*)

At 10:00 p.m., Plaintiff was questioned by a detective regarding a home invasion from which the stolen property found on Plaintiff had come. Plaintiff explained that he knew nothing about a home invasion and asked for an attorney. He further alleges that no *Miranda* rights were read to him during this time and his request for an attorney was denied. He was then transferred to county jail. (*Id.*)

Plaintiff seeks $ 100 million in damages for the above alleged constitutional violations and physical and mental abuse. He also asks that the defendants be "sanctioned, demoted or terminated." Finally, Plaintiff seeks protection from any retaliation. (Compl., ¶ 7.) Plaintiff does not allege any acts of retaliation in his Complaint.

## II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." *Fed.R.Civ.P.* 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676).  The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See id*. at 678-79; *see also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).  *See also Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011); *Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that

are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (quoting, *Iqbal*, 556 U.S. at 679).

The Third Circuit cautioned, however, that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for relief.'" *Covington v. International Association of Approved Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679).  Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" Covington, supra (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

IV. <u>DISCUSSION</u>

A. <u>Excessive Force Claim</u>

Plaintiff alleges that certain unidentified state trooper defendants from the New Jersey State Police Troop A Bridgeton Barracks used excessive force in their arrest of Plaintiff by lifting him and tearing his ribs and cartilage. Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386 (1989); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). When construing an excessive force claim, this Court must consider whether the defendant troopers' use of force was objectively reasonable under the circumstances, regardless of the their underlying motive or intentions. *Graham*, 490 U.S. at 397. In *Graham*, the Supreme Court expounded

8

on the reasonableness inquiry, stating that it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.  In addition, the Third Circuit has noted other relevant factors including "the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)(*abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)); *see also Couden v. Duffy*, 446 F.3d 483, 496-97 (3d Cir. 2006); Kopec v. Tate, 361 F.3d 772, 776-77 (3d Cir.2004); *Doby v. DeCrescenzo*, 171 F.3d 858, 874 (3d Cir. 1999)("Significant factors in evaluating the force used by the police are whether the person being taken into custody is resisting or attempting to resist by flight."); *Ashton v. City of Uniontown*, 459 Fed. Appx. 185, 189 (3d Cir. 2012).

Furthermore, appropriate attention should be given "to the circumstances of the police action, which are often 'tense, uncertain, and rapidly evolving.'" *Groman v. Township of*

*Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Graham*, 490 U.S. at 396)("Not every push or shove, even if it may later seem unnecessary," violates the constitution.).  It is also important to consider whether "the physical force applied was of such an extent as to lead to injury." *Mellott v. Heemer*, 161 F.3d 117, 122 (3d Cir. 1998)(quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)); *see also Walke v. Cullen*, 491 Fed. Appx. 273, 277 (3d Cir. July 2, 2012).  Additionally, "[r]easonableness is to be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004)(internal quotation marks and citation omitted); *see also Brown v. Cwynar*, 484 Fed. Appx. 676, 679-80 (3d Cir. June 7, 2012).

Here, Plaintiff's allegations, if true, may be sufficient to allow this claim to proceed at this time.  He alleges that he was grabbed from behind and lifted up to the point that his rib cartilage was torn and/or his rib broken.  Plaintiff's allegations also suggest that he was not doing anything to provoke such harsh treatment by the troopers.  Consequently, it would appear that Plaintiff has alleged facts sufficient at this

time to raise a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Next, after Plaintiff was transferred to the Woodstown Barracks, Plaintiff alleges that certain unidentified state troopers forced his arms up over his head, causing pain, despite Plaintiff's prior arm injury and surgeries.  There are no allegations that Plaintiff was resisting the state troopers in any way or that he was acting in any way to provoke this response from the troopers.  It is plain from the Complaint that Plaintiff was in custody at the time, having been transferred from the Bridgeton State Police Barracks after more than twelve hours in custody after his arrest by the troopers.

While the use of force upon a post-arraignment, pretrial detainee is analyzed under the Fourteenth Amendment, *see Sylvester v. City of Newark*, 120 Fed. Appx. 419, 423 (3d Cir. 2005), "a person continues to be an arrestee subject to the Fourth Amendment protection through the period of post-arrest but prearraignment detention." *Hill v. Algor*, 85 F. Supp.2d 391, 403 (D.N.J. 2000); *see also Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996); *Morrison v. Phillips*, 2008 WL 4308215, *11 fn. 10 (D.N.J. Sept. 16, 2008).  Thus, for the same reasons as discussed above with regard to defendants' actions at the time of arrest, this Court finds that Plaintiff may have

11

alleged facts sufficient, if true, to support a claim of excessive force where Plaintiff alleges that defendants' use of force was unreasonable under the circumstances because Plaintiff allegedly did not pose a threat.

Therefore, Plaintiff's claim that excessive force was used by defendant troopers in violation of his Fourth Amendment rights will be allowed to proceed at this time against the unidentified Bridgton and Woodston Barracks state troopers being sued in their individual capacities.  However, to the extent that Plaintiff is suing the New Jersey State Police (namely, their Bridgeton and Woodston Barracks), these defendants must be dismissed from this action, because a state, its agencies, and its actors in their official capacities are not persons who may be sued under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989)(Department of State Police was an arm of the state, and thus, are not subject to suit under § 1983); *Smith v. New Jersey*, ___ F.3d ___, 2012 WL 5465023, *3 (D.N.J. Nov. 7, 2012).

B.   *Miranda* Claim

Plaintiff's allegation that he was not advised of his *Miranda* rights does not state a colorable claim under section 1983.  "[F]ailing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does

12

not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999); *Guiffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994); *Price v. Stewart*, 2012 WL 4758374, *3 (M.D. Ga. Aug. 27, 2012). Indeed, "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *See Chavez v. Martinez*, 538 U.S. 760, 770 (2003). Thus, Plaintiff has no free-standing Fifth Amendment right to remain silent during interrogation. Nor does Plaintiff have a free-standing Fifth Amendment claim for denial of the right to counsel during questioning. *See James v. York County Police Dept.*, 160 Fed. Appx. 126, 133 (3d Cir. 2005) (citing *Guiffre*); *Story v. Atlantic City Police Dept.*, 2012 WL 4507168, *5 (D.N.J. Sept. 27, 2012).

C.   Coercive Interrogation – Due Process Claim

Plaintiff also appears to assert that the circumstances of his interrogation amounted to a violation of Plaintiff's due process rights under the Fourteenth Amendment. *See, e.g., Chavez v. Martinez*, 538 U.S. 760, 780 (2003)(under some circumstances, coercive interrogation alone may violate a suspect's right to substantive due process, even when no self-incriminating statement is used against the person

13

interrogated); *County of Sacramento v. Lewis*, 523 U.S. 833, 846–
47, n. 8 (1998)(substantive due process rights are violated only
when "the behavior of the governmental officer is so egregious,
so outrageous, that it may fairly be said to shock the
conscience"); *Miller v. Fenton*, 474 U.S. 104, 109 (1985)
("certain interrogation techniques, either in isolation or as
applied to unique characteristics of a particular suspect, are
so offensive to a civilized system of justice that they must be
condemned under the Due Process Clause of the Fourteenth
Amendment"); *Rochin v. California*, 342 U.S. 165 (1952)(due
process violated when evidence obtained by subjecting the
suspect to an involuntary stomach pump).

The Third Circuit has held that to establish a violation of
substantive due process rights, the action alleged must be "so
ill-conceived or malicious that it shocks the conscience."
*Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999)
(quoting *Lewis*, 523 U.S. at 846).  Mere negligence is not
sufficient to meet this standard.  *Lewis*, 523 U.S. at 847.  The
standard often used by the Supreme Court to determine whether an
action has reached that level is the "deliberate indifference"
standard.  *Id.*, 523 U.S. at 851.  The Third Circuit acknowledged
that the meaning of this "shocks the conscience" standard varies
depending on the factual context of the case.  *Miller*, 174 F.3d

14

at 375; *see also United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003); *Nicini v. Morra*, 212 F.3d 798, 810 (3d Cir. 2000)("A plaintiff seeking to establish a constitutional violation must demonstrate that the official's conduct 'shocks the conscience' in the particular setting in which that conduct occurred").

Typically, "conscience shocking" provides relief for physical abuse. *See Rochin v. California*, 342 U.S. 165 (1952)(due process violated when evidence obtained by subjecting the suspect to an involuntary stomach pump). Some courts have suggested that "conscience shocking" behavior must be either physically intrusive or violent, or strike at the basic fabric of a protected relationship, such as a parent-child relationship. *See Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 623 (1st Cir. 2000). For instance, in the few cases where interrogation alone has supported a conscience-shocking claim, there have usually been at least some allegations of physical force or abuse. In *Chavez*, the Supreme Court remanded the case to the Ninth Circuit to determine whether a suspect had a "shocks the conscience" claim against police for conduct during the interrogation. The Ninth Circuit allowed the claim based in part on implications of physical abuse allegations that the officer had interfered with the medical treatment of the

15

plaintiff while he screamed in pain.  *Martinez v. City of Oxnard*, 337 F.3d 1091, 1092 (9th Cir.2003).

In this case, the Court is hard pressed to find that the interrogation tactics used by the state trooper defendants rose to the level of a coercive interrogation that shocks the conscience and resulted in a federal constitutional deprivation. Plaintiff was not interrogated for hours.  He was not physically abused or harmed during the interrogation sessions, although he does state that his arms were lifted above his head causing pain.  Rather, Plaintiff simply alleges that he was not provided food, water and medical care for fourteen hours, but admits that the interrogation was not being conducted during this entire time.

Moreover, Plaintiff admits that he did not feel compelled to talk to the troopers as he denied their charges during questioning.  No confession or admissions were elicited from Plaintiff during this time in interrogation.  Thus, the Court finds that the interrogations were not so egregious or outrageous, that it may be fairly said to shock the contemporary conscience.  Accordingly, this due process claim of coercive interrogation will be dismissed without prejudice for failure to state a claim.  As this appears to be the only claim asserted against Trooper McCreen, the Complaint will be dismissed with

16

prejudice, in its entirety, as against Defendant McCreen for failure to state a cognizable claim.

D.  Denial of Medical Care Claim

Finally, Plaintiff also alleges that certain unidentified state trooper defendants denied Plaintiff medical attention for the injuries he sustained during the arrest, namely, his ribs and right arm.  This Court will rely upon the Fourteenth Amendment in analyzing Plaintiff's denial of medical care claim. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor ("Hubbard I"), 399 F.3d 150, 158 (3d Cir. 2005); *King v. County of Gloucester*, 302 Fed. Appx. 92, 96 (3d Cir. 2008).  *See also Montgomery v. Ray*, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005) (unpubl.) ("the proper standard for examining such claims is the standard set forth in *Bell v. Wolfish*, ...; *i.e.,* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt ....")(citing *Hubbard I*, 399 F.3d at 158).  In *Hubbard*, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and

non-medical conditions of pretrial detainees. 399 F.3d at 165–67.

The Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 ... (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* at 298 .... The Supreme Court did not abandon this bipartite analysis in *Bell*, but rather allowed for an inference of *mens rea* where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).

In this case, Plaintiff alleges that he was denied medical treatment for an alleged broken rib or torn cartilage for more than 14 hours without any medical or legitimate justification. In fact, Plaintiff alleges that when he asked the desk sergeant for medical attention, the sergeant replied, "You have a better chance of seeing God." Consequently, these allegations, if true, may be sufficient to support a denial of medical care claim at this time.

18

However, Plaintiff does not identify any defendants with respect to this denial of medical care claim.  Instead, Plaintiff generally refers to the New Jersey State Police Bridgeton and Woodston Barracks.  For the same reasons set forth above, the New Jersey State Police is a state agency and is not a "person" subject to suit under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989)(Department of State Police was an arm of the state, and thus, are not subject to suit under § 1983); *Smith v. New Jersey*, ___ F.Supp.2d ___, 2012 WL 5465023, *3 (D.N.J. Nov. 7, 2012).  Therefore, this Court will dismiss without prejudice this denial of medical care claim for failure to state a cognizable claim at this time.  This dismissal is without prejudice to Plaintiff filing an amended Complaint to cure the deficiencies of this action as noted herein, namely, to the extent that Plaintiff can identify defendants who acted in their individual capacities with regard to Plaintiff's allegations that he was denied medical care.[1]

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990)(footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

V.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's claim alleging use of excessive force in violation of his Fourth Amendment rights will be allowed to proceed at this time as against the unnamed state trooper defendants acting in their individual capacities.  However, Plaintiff's *Miranda* claim and coercive interrogation claim will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Likewise, the Complaint will be dismissed with prejudice, in its entirety, as against defendants, the New Jersey State Police (Troop A Bridgeton and Woodston Barracks) and Trooper McCreen, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Finally, Plaintiff's denial of medical care claim will be dismissed without prejudice for failure to state a claim at this time. An appropriate order follows.

s/Robert B. Kugler_____
ROBERT B. KUGLER
United States District Judge

Dated: April 5, 2013